Filed 7/20/21  P. v. Rogan CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>FLOYD V. ROGAN,<br><br>        Defendant and Appellant. | A161011<br><br>(San Mateo County<br>Super. Ct. No. SC031834A) |

Defendant Floyd V. Rogan appeals from a postconviction proceeding pertaining to a 1994 judgment convicting him of robbery with the use of a deadly weapon (Pen. Code, §§ 212.5, subd. (b) & 12022, subd. (b))[1] (count 1) and assault with a deadly weapon (§ 245, subd. (a)(1) on a person 60 years old or older (§ 1203.09, subd. (a)) (count 2).  Defendant's court-appointed counsel has filed a brief raising no legal issue and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

## BACKGROUND

As will be seen, the facts of the commitment offenses are irrelevant to the issues presented by this appeal.  Suffice it to note that the information alleged infliction of great bodily injury (§ 12022.7), use of a deadly or dangerous weapon (§ 245, subd. (a)(1)), and that the victim was older than 65

---

[1] All statutory references are to the Penal Code.

1

and had a known disability (§ 667.9), as well as that defendant had suffered prior convictions for rape by force and robbery, and had also served two prior prison terms (§ 667.5, subd. (b)).

On November 17, 1993, the jury was instructed, retired to deliberate, and after two hours, returned a verdict of guilty of count 1, second degree robbery, and guilty of count 2, assault with a deadly weapon or force likely to produce great bodily injury.

On November 24, 1993, after the court found true the allegations of priors, the matter was continued until July 14, 1994, for a jury trial to determine whether defendant was competent to stand trial. On July 18, 1994, a jury found he was competent within the meaning of sections 1367 and 1368.

The criminal proceedings were then reinstated, formal arraignment was waived, and defendant was sentenced on July 29, 1994.

The court selected the upper term of five years for the robbery, plus a consecutive three-year term for the great bodily injury enhancement and one year for the use of a deadly weapon. The court also imposed a two-year term for the allegation that the victim was 65 years old or older (§ 667.9), and five years for each of the prior serious felony convictions, for a total term of 21 years on count 1. The court stayed this sentence pending successful completion of a sentence in accordance with the provisions of section 667.7, life imprisonment with the possibility of parole after a minimum of 20 years in state prison.

The court struck the remaining allegations and stayed the sentence for count 2 under section 654.

Twenty-six years later, on July 16, 2020, defendant filed a motion for relief under section 1473.6 (enabling certain persons to move to vacate a

judgment for specified reasons) and *Boykin v. Alabama* (1969) 395 U.S. 238, and *In re Tahl* (1969) 1 Cal.3d 122, arguing that his acceptance of the original plea offer violated his constitutional rights because the court failed to warn him that his prior convictions would result in a significantly increased penalty if he reoffended.[2] The relief sought by defendant's motion was the striking of the enhancements imposed by the prison priors under section 1385. Unpersuaded, the trial court denied the motion.

Defendant timely appealed on September 25, 2020.

## DISCUSSION

The "Order of Denial" states as follows in its entirety: "Defendant contends that he seeks relief pursuant to Penal Code § 1473.6. However, Penal Code § 1473.6(a) provides that relief is available to defendants who are no longer unlawfully imprisoned or restrained and who seek relief based on specified categories of new evidence. Defendant is currently incarcerated, and he alleges no new evidence. Consequently the motion is denied." The ruling is unquestionably correct.

Furthermore, defendant did not enter a guilty plea in the proceedings that led to his conviction and present prison commitment; he was tried by a jury that found him guilty. The record contains neither a reporter's transcript of a proceeding in which defendant entered a plea nor any other

---

[2] Defendant's memorandum of points and authorities in support of his motion, which he prepared in propria persona, indicates his chief contention was that "The Judge in ACCEPTING THE ORIGINAL PLEA, PLEAS [*sic*] DID NOT INQUIRE OF [DEFENDANT] AS TO HIS KNOWLEDGE AND WILLINGNESS TO GIVE UP HIS CONSTITUTIONAL RIGHT TO STATUS INCREASE PENALTY." According to defendant, it was "necessary to hold evidentiary hearing to determine whether the pled and proven fact of status or the [defendant] knew his right as established under *Boykin v. Alabama* (1969) 395 U.S. 238 case law standards, and voluntarily relinquished them . . . exposing the [defendant] to alternative character conduct status."

3

evidence indicating such a plea, and the motion papers defendant filed in the trial court also fail to identify any proceeding in which he entered a plea of guilty or no contest.

There are no legal issues that require further briefing. Accordingly, the judgment is affirmed.

_____
KLINE, P.J.


WE CONCUR:


_____
STEWART, J.


_____
MILLER, J.


*People v. Rogan* (A161011)

5